IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEVON RASHEED MOYLER, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WALLENS RIDGE STATE PRISON, *et al.*, )<br>    Defendants. ) | Civil Action No. 7:22-cv-00559<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Jevon Rasheed Moyler, a Virginia inmate proceeding *pro se*, has filed this civil rights complaint based on an incident that allegedly occurred at Wallens Ridge State Prison ("Wallens Ridge"). The matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the court concludes that Moyler has failed to state a claim for which relief can be granted, and his claims must be summarily dismissed. However, because it is possible that he may be able to state sufficient additional facts to state a valid claim, the court will dismiss the complaint without prejudice and allow Moyler to file an amended complaint and a motion to reopen within thirty days, should he choose to do so.

I.  BACKGROUND

Moyler's complaint names two defendants: Wallens Ridge State Prison and Lt. K. M. Fleming. His complaint is very brief. In their entirety, Moyler's factual allegations are:

> Correctional officers on the night shift, on the day over 9-19-22, allowed someone to enter my cell while I was asleep [and] I woke up with my penis out [of] my boxer['s hole]. Between the times of 3:30 A.M. and 4:30 A.M. they entered my cell 9-19-22. When I asked correctional officers to make a PREA call they denied me and deemed my PREA call was no emergency.

(Compl. 2, Dkt. No. 1.) For relief, he asks for "justice" and "a million dollars for pain and suffering." (*Id.*)

A grievance document attached to Moyler's complaint provides only a few additional details. Specifically, his grievance states that he is "a very deep sleeper" and he "believe[s] they injected [him] with something." (Dkt. No. 1-1.) He provides no other information in support of his claims, and he states that he does not know which officers "allowed" the person to enter his cell.

The court construes Moyler's claim as one that the officers who "allowed" the unidentified person to enter Moyler's cell violated his Eighth Amendment rights by being deliberately indifferent to a risk of serious harm to him and by failing to protect him.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Moyler's complaint, the court concludes that it fails to state a claim for which relief can be granted. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**A.  Eighth Amendment Claim**

The Eighth Amendment obligates prison officials to take reasonable precautions to

"protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To hold a prison official liable under § 1983 for a failure to protect, a plaintiff must establish that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm" and (2) the defendant prison official had a "sufficiently culpable state of mind," one of "deliberate indifference." *Farmer*, 511 U.S. at 834. Deliberate indifference is "somewhere between negligence and purpose or knowledge: namely, recklessness of the subjective type used in criminal law." *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995). Further, in order to succeed on a failure-to-protect claim, a plaintiff must show that the harm suffered was objectively serious, *i.e.*, he must show he suffered a "serious or significant physical or emotional injury." *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014).

Moyler has not pled such a claim. First of all, he does not identify the individuals allegedly involved in "allowing" any other person to enter his cell, nor does he plead any facts to show that they knew of a potential risk to Moyler and purposefully (as opposed to negligently) allowed any harm to occur. Moreover, as to any such claim, Moyler has wholly failed to state a claim against either of the named defendants, as the court discusses next.

**B. Claim Against Wallens Ridge**

Moyler has improperly named Wallens Ridge as a defendant. A prison or jail is neither a legal entity nor a "person" subject to suit under § 1983, and Moyler cannot maintain this action against Wallens Ridge. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (holding that a jail is not a "person" under § 1983 and also "lacks the capacity to be sued").

**C. Claim Against Fleming**

Moyler's complaint itself does not identify any action that Fleming took or failed to take

to protect him. On the attached grievance form, however, Fleming signed the response, which states that Moyler's allegation "would be looked into." (Dkt. No. 1-1.) But the mere fact that a person responded—or failed to respond—to a grievance about a prior constitutional violation is generally insufficient to make them liable for the violation. As another judge of this court recently recognized, "a prison official's act of responding to a grievance generally does not cause or contribute to a constitutional violation," particularly when the grievance complains of past or completed misconduct. *Hoglan v. Robinson*, No. 7:16-CV-00595, 2022 WL 909041, at *2 (W.D. Va. Mar. 28, 2022) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). Based on this principle, Moyler has failed to state a claim against Fleming.

## D.  Individual "Unknown" Defendants

Moyler explains that he does not know the names of the individuals who worked the night of the incident and allowed others into his cell. But if he refiles his complaint and identifies any such individual only by the name John Doe, he may be able to obtain information through discovery to determine the person's identity.

As to any individual defendant, moreover, Moyler must state what each one personally did. "To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the

official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).  Moyler's claims against unidentified persons, especially because he does not even allege any specific actions by any of them, fail to state a claim for which relief can be granted and must be dismissed.

### III.  CONCLUSION

For the foregoing reasons, the court will summarily dismiss Moyler's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.  In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a plausible claim or claims, the court will dismiss the complaint without prejudice and allow him an opportunity to file an amended complaint, if he so chooses.

An appropriate order will be entered.

Entered: December 6, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge